ALTENBERND, Judge,
Concurring.
This case is in a very unusual procedural posture. Following a foreclosure sale, the defendants, Cypress Creek Plaza, LLC; William D. Drost; and T & A Family Partnership, Ltd., stipulated to the entry of a final deficiency judgment. That stipulation was filed of record in June 2011. As a result, the court entered a judgment in excess of one million dollars against these three defendants.
Lawrence T. Maxwell did not enter into this stipulation. As explained in the court’s opinion, Mr. Maxwell prevailed in a subsequent trial in which he convinced the court that Eagle did not receive an assignment of a guaranty or the right to seek a deficiency. It is not clear that this ruling is binding on Eagle in its relationship to the other three defendants or that their factual circumstances are the same as Mr. Maxwell’s. Moreover, it is at least possible that Eagle could cure the problems that led to the outcome in Mr. Maxwell’s case.
In any event, the three defendants filed a motion to set aside the stipulation in January 2012. The motion does not directly seek relief from the deficiency judgment under Florida Rule of Civil Procedure 1.540. It is not clear to me that the motion is legally sufficient to raise a justi-ciable issue or claim as a postjudgment motion in this trial court proceeding. Thus, I concur that the trial court departed from the essential requirements of the law by permitting discovery before first determining that an issue or claim existed that warranted discovery. However, if the court were to determine that the motion established a legal claim that might permit the three defendants to obtain relief from the stipulation and the resulting judgment, and were further to determine that this issue involved a question of fact, then limited discovery as to that factual issue might be appropriate and would not depart from the essential requirements of the law.